PERRINE v. RANSOM GAS–MACH. CO.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

1. FOREIGN CORPORATIONS—SERVICE OF PROCESS—MANAGING AGENT—AGENT'S STATEMENTS AS TO AUTHORITY—SUBSEQUENT DENIAL OF AGENCY.

Where a person stated, on different occasions, that he was managing agent of a certain foreign corporation, such declarations, though in themselves insufficient to prove such agency, would nevertheless destroy the force of his statements and affidavits that he was not the managing agent of such corporation, and tend to show that service on him as such agent was proper.

2. SAME—EVIDENCE—FINDING OF FACT.

Where all the affidavits in support of a motion to set aside service on a foreign corporation, made on its alleged agent, on the ground that he was not its agent, were made by such agent himself, and the latter had previously declared to different parties that he was the managing agent of such corporation, and admitted in the affidavits that he had a power of attorney to sell patent rights for certain territory, a finding that such alleged agent was in fact the managing agent for such corporation in the state would not be disturbed on appeal.

3. SAME—SERVICE ON AGENT—CONDITIONS PRECEDENT—ADMISSION THEREOF—PROOF.

Code Civ. Proc. § 432, subd. 3, provides that if no designation of a person to receive service for a foreign corporation is in force, or if neither the person designated nor an officer specified in subdivision 1 as proper to receive service can be found with due diligence, and the action arose within the state, service may be made on a managing agent of the corporation within the state. *Held*, that where it appeared from the affidavits of the managing agent of a foreign corporation, on motion to set aside service on the corporation through him, that no person was designated to receive service, and that the other officers of the corporation who might receive service were all of another and far distant state, it was unnecessary for plaintiff to show such facts affirmatively, in order to sustain the service.

Van Brunt, P. J., and Rumsey, J., dissenting.

Appeal from special term, New York county.

Action by Elias R. Perrine against the Ransom Gas-Machine Company. From an order denying a motion to set aside service of summons, defendant appeals. Affirmed.

It is alleged in the complaint that on or about the 15th day of January, 1900, in the city of New York, the plaintiff entered into a verbal agreement with the defendant company, a Wisconsin corporation, whereby the latter agreed to sell, transfer, and assign to Charles N. Heath, as trustee, for the purpose of having the same assigned to a company to be organized by the plaintiff, certain rights in and for the state of New Jersey, under letters patent, for the manufacture and sale of the Ransom Gas Machine, in consideration of $5,000 to be paid by the plaintiff previous to such assignment; that the plaintiff, relying upon this agreement, expended large sums of money in promoting a company, and on or before the 20th day of September, 1900, duly performed his part of the contract, but the defendant company refused to make the assignment. Judgment was asked restraining the defendant from making any assignment conflicting with the plaintiff's New Jersey rights, and that the defendant be directed to assign such rights to the plaintiff in accordance with its contract. The summons was served within this state upon Lucas D. Dorschel on December 17, 1900, plaintiff claiming that he was defendant's managing agent. On January 11th the defendant moved to vacate and set aside the service of the summons, on the ground that said service did not comply with the statute. Meanwhile the defendant's time to answer was extended by stipulation. In support of the motion, Lucas D.

Dorschel averred that he is not "the president, vice president, treasurer, or secretary of defendant foreign corporation, nor does he hold any office in the company performing corresponding functions"; that such officers are all of Milwaukee, the home of the defendant; that the defendant "has no property within this state, as deponent is informed and verily believes, and that deponent is not the cashier, director, or the managing agent of defendant foreign corporation; that defendant has no office or place of business in this state, nor has it any business in this state of any kind or nature, nor has deponent anything whatever to do with the management of the business of the defendant." In opposition to the motion, the plaintiff averred "that in arranging and conducting the sales of these patent rights, so far as transactions touching the same are carried on in the city of New York, and also in Philadelphia and Trenton, the defendant corporation has acted through Lucas D. Dorschel, as its attorney in fact; that said Dorschel is represented as having full power and authority to make any contract or agreement, under seal or otherwise, in regard to such transactions; that the principal part of defendant's business at the present time is the sale of such patent rights, and not in the manufacture, sale, or use of the machine upon which letters-patent were obtained; that Dorschel has negotiated for the defendant for a number of such sales in the state of New York, and has disposed of options on patent rights for New York, New Jersey, and other states, and for European countries; that, relying upon such authority, the plaintiff entered into the contract aforementioned, and has paid to Dorschel $3,000, for which he receipted in the name of the defendant; that "deponent believes that no officer or other manager of the defendant corporation was present in the state, and acting as such officer or manager, during the occasions hereinbefore referred to, or at the time of the service of the summons and complaint"; that Dorschel had repeatedly informed the plaintiff that he was the principal stockholder in the defendant corporation, and that he had the entire management of the corporation's business, except so far as the local retail trade was concerned. A counter affidavit by Dorschel denies that he ever informed the plaintiff that he was the principal stockholder and had the entire management of the defendant corporation, and avers that he is not a stockholder or director, nor in any way connected with the corporation, except that on January 12, 1900, he secured from the defendant an option for the sale of certain territory, and to that extent received from the defendant a power of attorney, and if he succeeded in disposing of any of the territory was to be paid therefor; that referring to the portion of the plaintiff's affidavit that no other officer or other manager of the defendant corporation was present in the state and acted as such during the occasions mentioned, or at the time of the service of the summons and complaint, deponent avers that the defendant corporation has not at any time had any dealings with the plaintiff. There is also presented, in opposition to the motion, an affidavit by the notary who took Dorschel's acknowledgment, given when the instrument purporting to grant to plaintiff an option for New England states, at which time Dorschel deposed that he was duly appointed by the directors of the defendant company, with power to sell, transfer, and assign state rights and authority, and to use the seal of the company in contracts made by him in relation thereto. In another affidavit it is averred by one Jones that Dorschel had told him that he was the principal stockholder, and had the management of the corporation, except as to local trade. The motion to set aside the service of the summons was denied, the court saying: "It sufficiently appears that Dorschel is the managing agent of the defendant, in so far as the subject-matter of this litigation is involved." From the order so entered denying the motion, the defendant brings this appeal.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Clarence D. Cruikshank, for appellant.

Alfred R. Page, for respondent.

O'BRIEN, J. In regard to service of a summons on a foreign corporation, section 432 of the Code of Civil Procedure provides that it

shall be made on certain officers specified in subdivision 2, or upon "a person designated for the purpose by a writing * * * filed in the office of the secretary of state"; and by subdivision 3 of the same section it is provided: "If such designation is not in force, or if neither the person designated nor an officer specified * * * can be found with due diligence, and the corporation has property within the state or the cause of action arose therein,"—service can be made by delivering a copy of the summons "to the cashier, a director, or a managing agent of the corporation within the state." That the cause of action alleged arose in this state appears from the complaint.

Upon the affidavits, we would not be justified in reaching a conclusion different from that of the special term in holding that Dorschel, for the purposes of this litigation, must be regarded as the managing agent of the defendant in this state. It will be noticed that the motion to set aside the service is not made upon affidavits of any officer of the corporation, but is supported solely by Dorschel's own affidavits, who, though in this as in other matters connected with the defendant's business in this state appears to be the only one here engaged in managing its affairs, asserts that he was not the managing agent. The answering affidavits show that he had made different statements as to his relation to the corporation, and, though the agency itself could not be proved solely by his declarations to third parties, they would militate and destroy the force of his statements and the conclusion in his affidavits that he was not the managing agent. In view of his relation to the corporation, the fact that he alone represented it in this state under a power of attorney, together with the other facts appearing, the question of his agency was left for the determination of the judge at special term, with whose conclusion we think we should not interfere.

It is insisted, however, that, even if Dorschel is the managing agent of the corporation, the plaintiff has not complied with the provisions of the Code entitling him to make service upon him, because he has failed to show that there was no person designated upon whom service could have been made, or that he used due diligence to serve one of the officers of the defendant specified. The defendant is right in contending that, under the Code, before there can be service upon a managing agent it must be made to appear that no person has been designated upon whom service could be made, and that the other officers enumerated cannot, with due diligence, be found within the state. But although these facts must appear, in determining the amount of proof that should be given by the plaintiff, it is important to keep in mind the manner in which the question is usually, as it is here, presented to the court. The plaintiff in the first instance assumes the responsibility of serving the proper party. Should the defendant then desire to have such service set aside, he does it upon a motion and by affidavits tending to show that the person served was not the proper party. If upon his showing it appears that no person was designated upon whom service could be made, and that the other officers of the corporation specified could not with due diligence be served within the

state, it is entirely unnecessary for the plaintiff to affirmatively make proof of what is admitted.

Although insisting that plaintiff did not prove these essential facts, the defendant entirely overlooks what clearly appears from its own affidavits, that such facts are virtually admitted. Thus, Dorschel swore that the officers upon whom service could be made are all of Milwaukee, the home of the defendant, and that the "defendant has no property within this state. * * * The defendant has no office or place of business in this state, nor has it any business in this state of any kind or nature." And the inference thus to be drawn, that there was no designation filed because the corporation did no business here, and had no office or officer here, is supported by that portion of the plaintiff's affidavit, which is not denied, that "deponent believes that no officer or other manager of the defendant corporation was present in the state, and acting as such officer or manager, during the occasions hereinbefore referred to, or at the time of the service of the summons and complaint"; and by two of the opposing affidavits, that Dorschel had stated that he was the principal stockholder in the defendant's corporation, and had the entire management of its business within this state. In view, therefore, of the fact that the only ground upon which the motion to set aside the service was based was that Dorschel was not the managing agent, and that in the affidavits in support of the motion, inferentially, if not expressly, it appears that no designation had been made, and that no officer of the company could with due diligence be found within the state, we think that the proof presented by the plaintiff, though slight, was sufficient. We do not hold that the requirements of the Code referred to are to be ignored, but, on the contrary, they are to be given reasonable force and effect, and, were it not for the defendant's attitude upon the motion in regard to these facts, more would have been required of the plaintiff. In other words, where, upon a motion to set aside the service, it is practically admitted that no person was designated, and that none of the other officers than the managing agent could be found, it is unnecessary to furnish affirmative proof of these facts.

The manner in which the questions are presented is important, and for that reason we have called attention to the fact that the motion here was made by the defendant, and in the affidavits in support of the motion it is shown that diligent search would be idle. Apart from this, we think the plaintiff has shown in the opposing affidavits that diligence would not have discovered an officer of the defendant, or any proper person other than Dorschel, upon whom to make service, because he alleges that there is no such person in the state, and this is not denied.

We think, therefore, that the order was right, and should be affirmed, with $10 costs and disbursements.

PATTERSON and INGRAHAM, JJ., concur.

VAN BRUNT, P. J. I dissent from the conclusion arrived at in this case. Section 432 of the Code provides how a service may be

.made upon a foreign corporation. It says: "Personal service of the summons upon a defendant, being a foreign corporation, must be made by delivering a copy thereof within the state, as follows." Subdivisions 1 and 2 designate certain persons upon whom the service may be made. It is not claimed that the provisions of these two subdivisions were complied with. But the service is claimed to have been made under subdivision 3, which provides as follows: "If such a designation is not in force, or if neither the person designated, nor an officer specified in subdivision first of this section, can be found with due diligence, and the corporation has property within the state, or the cause of action arose therein; to the cashier, a director, or a managing agent of the corporation within the state." Therefore, when a service upon the persons mentioned in subdivision 3 is attempted to be justified, it is necessary that the plaintiff should show either that the designation mentioned in subdivision 2 is not in force, or that the person designated, or an officer, specified in subdivision 1, cannot be found within the state with due diligence. There is not the slightest particle of evidence that any effort was made to serve the summons, as prescribed in subdivisions 1 and 2, or that any inquiries were made as to whether there were any officers upon whom that service might be made pursuant to said subdivisions, within this state, at the time the service was made upon the alleged managing agent. It seems to me that, in order to confer jurisdiction upon the court, it was necessary for the plaintiff to establish this fact, where a direct attack was made upon the service, precisely the same as would be required in the case of a publication of a summons.

The order should be reversed, and the motion to set aside the service granted.

RUMSEY, J., concurs.